UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:25-CR-40-GFVT-EBA

UNITED STATES OF AMERICA                                        PLAINTIFF

V.                          **PLEA AGREEMENT**

JAMON T. RITTER                                                 DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute 10 grams or more of fluorofentanyl (fentanyl analogue); Count 2 of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute 40 grams or more of fentanyl, and Count 4 of the Indictment charging a violation of 18 U.S.C.§ 924(c)(1)(A), possession of a firearm in furtherance of a drug trafficking crime. At sentencing, the United States will dismiss Counts 3 and 5 of the Indictment.

2. The essential elements of Count 1 are:

   (a) That the Defendant knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of fluorofentanyl, a Schedule I controlled substance, under federal law;

   (b) That the Defendant intended to distribute to another person; and

   (c) That the amount of fluorofentanyl was 10 or more grams.

1

3.  The essential elements of Count 2 are:

    (a) That the Defendant knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, under federal law;

    (b) That the Defendant intended to distribute to another person; and

    (c) That the amount of fentanyl was 40 or more grams.

4.  The essential elements of Count 4 of the Indictment are:

    (a) That the Defendant committed a drug trafficking crime as reflected in Counts 1 and 2 of the Indictment;

    (b) That the Defendant knowingly possessed a firearm; and

    (c) That the possession of the firearm was in furtherance of the crime of drug trafficking reflected in Counts 1 and 2 of the Indictment.

5.  As to Counts 1, 2 and 4 of the Indictment, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

    (a) On July 2, 2024, deputies with the Scott Sheriff's office received information that Jamon Ritter was operating a silver Mercedes with a unique top and was wanted on warrants. Deputies observed the vehicle at a fast-food line at a local restaurant. Deputies approached the vehicle on foot. The Mercedes took off at a high rate of speed and deputies pursued in their vehicle. The driver of the vehicle was later identified as Jamon Ritter. During the chase, Ritter drove recklessly through traffic and eventually bailed out of the moving vehicle. The vehicle collided with a parked car. Ritter continued his flight on foot and was eventually apprehended.

    (b) During a search of the vehicle, law enforcement located approximately 129 grams of suspected fentanyl in the form of blue pills, approximately 2.75 grams of suspected crack cocaine, approximately 30 grams of a brown powder believed to be heroin, scales, ammunition, and a Glock pistol.

    (c) The substances were submitted to the Kentucky State Police Laboratory for testing and were found to contain 122 grams of fentanyl, 1.707 grams

2

of cocaine, and 29.786 grams of fluorofentanyl. The converted drug weight is 603.701 KG.

(d) Ritter admits possession of the narcotics located during the search of the vehicle and further admits he intended to distribute the narcotics. Ritter also admits possession of the Glock pistol and that he possessed the firearm in furtherance of his drug trafficking crime.

6. The statutory punishment for Counts 1 and 2 is imprisonment for not less than 5 years and not more than 40 years, a fine of not more than $5,000,000, and a term of supervised release of at least 4 years. The statutory punishment for Count 4 is imprisonment for not less than 5 years and not more than life, consecutive to any other sentence, a fine of not more than $250,000, and a term of supervised release of not more than 5 years. A mandatory special assessment of $100 for each count applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

7. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and agree that they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 5 and all provided discovery materials.

(c) Pursuant to U.S.S.G. § 2D1.1(c)(7), the base offense level for Counts 1- 2 is 26 because the relevant converted drug weight is at least 400 KG but less than 700 KG.

  (d) Pursuant to U.S.S.G. § 3C1.2, the offense level is increased by 2 levels because the Defendant created a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement officers.

  (e) Pursuant to U.S.S.G. § 2K2.4(b), the guideline sentence for Count 4 is the minimum term or imprisonment required by 18 U.S.C. § 924(c)(1)(a), which is 5 years consecutive to any other sentence.

  (f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendants timely notice of intent to plead guilty.

8. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

9. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

10. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

11. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal

Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

12. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation and the Defendant's arrest, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

13. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's

Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional

level and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

14. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

15. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and

the Defendant waives any right to challenge the initiation of additional federal charges.

16. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

17. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

18. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 10.20.2025   By: _____ for Cynthia T. Rieker
Cynthia T. Rieker
Assistant United States Attorney

Date: 10-17-2025   _____
Jamon Ritter
Defendant

Date: 10-17-2025   _____
Elizabeth Arrick
Attorney for Defendant

8